GARY M. RESTAINO
United States Attorney
District of Arizona
DAVID P. PETERMANN
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
E-mail: David.Petermann@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>      vs.<br><br>Cody Gene Boger,<br><br>              Defendant. | CR 23-1078-TUC-JCH (MAA)<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

Now comes the United States of America, by and through its undersigned attorneys, and hereby submits this Sentencing Memorandum for the Court's consideration at sentencing.  The sentencing hearing is currently scheduled for December 2, 2024.

The government acknowledges Probation's initial calculations in the Pre-Sentence Report (PSR) regarding a total offense level of 21, a criminal history category I, and guideline provisions of 37 to 46 months imprisonment.  Notwithstanding, this PSR determined guideline range the government negotiated a plea agreement more in line with USSG §2K2.1(a)(7) and (b)(6)(A) or (B) as opposed to USSG §2K2.1(a)(4)(B).  The government was not comfortable with its ability to show the defendant had reason to believe that the person he transferred the firearm to was a prohibited person.  Instead, we negotiated a base offense of 12, and adjusted offense level of 18 with -3 for acceptance of responsibility that would make the total offense level under the plea a 15.  With a criminal history category of I, the plea agreement imprisonment range would be 18 to 24 months with the added measure that the government would not seek a term of imprisonment greater

than 18 months or the low-end of that range of imprisonment.  The defendant, under the terms of the plea agreement, is free to argue for a variance below the 18-month term of imprisonment.  The PSR's recommendation is a term of imprisonment of 9 months which is certainly within the range of punishment contemplated by the plea agreement notwithstanding the difference in calculated offense level between the parties and the PSR.

**The Sentence**

The defendant is seeking a term of probation as his sentence.  A term of probation in this case will demean the seriousness of this offense and will do little to deter others engaged or contemplating engaging in similar criminal behavior.  However, a term of imprisonment will send a strong and clear message that if you illegally purchase firearms in the District of Arizona you will be sent to jail.

The premise of this plea agreement with the defendant was that he transferred a firearm he had purchased on behalf of someone else with reason to believe that the firearm would be transported out of the United States or used or possessed in connection with another felony offense.  USSG §2K2.1 (b)(6)(A) or (B).

A term of imprisonment of at least 12 months but not greater than 18 months imprisonment will provide adequate deterrence for the defendant as well as that portion of the public that may contemplate committing a similar crime.  The defendant has had some difficulty abiding by his pretrial release terms and the government is not confident that he would be successful on a term of probation without first experiencing punishment in the form of imprisonment with a term of supervised release to follow.

Respectfully submitted this 22nd day of November 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

S/ David P. Petermann

DAVID P. PETERMANN
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 22nd day of November 2024, to: Jay Marble, Esq.